IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY and WANDA BROWN, as Co-Special Administrators of the Estate of DELISIA BROWN, Deceased,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>WHITELINE EXPRESS, LTD., and DONALD WELLS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.   08-CV-02723<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS', WHITELINE EXPRESS, LTD.
AND DONALD WELLS, ANSWER TO PLAINTIFFS' COMPLAINT AT LAW**

　　　　Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, Patton & Ryan LLC, answer Plaintiffs' Complaint as follows:

　　　　1.　　Plaintiffs, Jerry and Wanda Brown, are, at all times relevant, residents of Cook County, Illinois.  Plaintiffs are the father and mother of Delisia Brown and have been duly appointed the Co-Special Administrators of the Estate of Delisia Brown.

　　　　**ANSWER:**　　Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 1.

　　　　2.　　Defendant, Whiteline Express, LTD, is and was, at all times relevant, a Delaware corporation engaged in the freight transportation business and doing business in Cook County, Illinois.

　　　　**ANSWER:**　　Defendants admit the allegations of Paragraph 2.

3. Defendant, Donald Wells, is and was, at all times relevant, a commercial tractor/trailer operator and a resident of the State of Michigan.

**ANSWER:** Defendants admit the allegations of Paragraph 3.

4. On April 25, 2008, Defendant Donald Wells was an employee and/or agent of Defendant Whiteline Express, LTD.

**ANSWER:** Defendants admit the allegations of Paragraph 4.

5. On April 25, 2008, Defendant Donald Wells was acting in his capacity as an employee and/or agent, servant when he was driving a commercial vehicle tractor/trailer owned by Whiteline Express, LTD.

**ANSWER:** Defendants admit the allegations of Paragraph 5.

6. On April 25, 2008, Delisia Brown was in Chicago Transit Authority station located at 138 W. Cermak Road, Chicago, IL.

**ANSWER:** Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 6.

7. On April 25, 2008, Defendant Donald Wells was operating a commercial tractor/trailer in the capacity of agent, servant and/or employee of Defendant Whiteline Express, LTD. in a northerly direction on Interstate 94 when he exited the expressway at Cermak Ave., Chicago, IL.

**ANSWER:** Defendants admit the allegations of Paragraph 7.

8. Defendant Donald Wells drove to the end of the exit ramp and lost control of his tractor/trailer. Defendant Donald Wells then traveled across Cermak Ave. and struck the Chicago Transit Authority station where passengers from the elevated train were standing and walking.

**ANSWER:**   Defendants admit that the tractor-trailer made contact with a portion of the referenced Chicago Transit Authority station. Defendants deny all other allegations contained in Paragraph 8.

9. Defendant Donald Wells struck Delisia Brown with his tractor/trailer and killed her.

**ANSWER:**   Defendants deny the allegations of Paragraph 9.

## COUNT I – Wrongful Death

10. Defendant Whiteline Express, LTD. and Defendant Donald Wells, Individually and in his capacity as agent, servant, and/or employee of Defendant Whiteline Express, LTD., and each of them, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Operated, maintained, and controlled a tractor/trailer in a negligent manner;

(b) Operated, maintained and drove a tractor/trailer into a collision with Delisia Brown, a pedestrian;

(c) Operated a tractor/trailer without keeping a proper and sufficient lookout;

(d) Failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

(e) Failed to reduce the speed of a tractor/trailer so as to avoid a collision with Delisia Brown in violation of 625 ILCS 5/11-601;

(f) Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Delisia Brown, a pedestrian, in violation of 625 ILCS 5/11-601;

(g) Operated a tractor/trailer at a speed which was greater tan was reasonable and proper in violation of 625 ILCS 5/11-601;

(h) Carelessly and negligently failed to yield the right of way to a pedestrian;

(i) Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904.

3

(j)   Failed to decrease the speed of a tractor/trailer when approaching or crossing an intersection, in violation of 625 ILCS 5/11-601;

(k)   Was otherwise careless and negligent.

**ANSWER:**   Defendants deny the allegations of Paragraph 10, including each and every sub-paragraph.

11.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendants, Whiteline Express, LTD. and/or its agent and employee, Defendant Donald Wells, decedent, Delisia Brown was struck and killed by the tractor/trailer.

**ANSWER:**   Defendants deny the allegations of Paragraph 11.

12.   Plaintiff's Decedent, Delisia Brown, left surviving her, as beneficiaries and next of kin in this action, her father, mother and two sisters.

**ANSWER:**   Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 12.

13.   By reason of the death of Delisia Brown, as aforesaid, her father, mother and two siblings have suffered pecuniary loss including her loss of society, and loss of financial support as is recoverable under the Wrongful Death Act, 740 ILCS 180.0.01, *et seq.*

**ANSWER:**   Defendants deny the allegations of Paragraph 13.

14.   Plaintiff's damages are in excess of $50,000.00 (Fifty Thousand Dollars), the minimum jurisdictional amount of this Court.

**ANSWER:**   Defendants deny the allegations of Paragraph 14.

WHEREFORE, Defendants deny that Plaintiffs are entitled to judgment on Count I, pray judgment be entered in their favor and against Plaintiffs and demand trial by jury on Count I.

**COUNT II - Survival**

Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, PATTON & RYAN, LLC, answer Count II as follows:

1-14.   Defendant repeats and realleges paragraphs 1 through 14 of Count I of this Complaint at Law as and for paragraphs 1 through 14 of this Count II.

**ANSWER:**   Defendants re-allege Paragraphs 1 through 14 of their Answer to Count 1 as their answers to Paragraphs 1 through 14 of this Count II.

15.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendants, Whiteline Express, LTD. and Donald Wells which resulted in the above-reference incident, Delisia Brown sustained several serious injuries including but not limited to a traumatic brain injury, multiple traumatic injuries to her body causing her slow death.

**ANSWER:**   Defendants deny the allegations of Paragraph 15.

16.   As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendants, Whiteline Express, LTD. and Donald Wells, decedent, Delisia Brown was caused pain and suffering, suffered damages to her brain, nervous sytem, respiratory system and other systems of his body, until she succumbed to such injuries and by reason died on April 25, 2008.

**ANSWER:**   Defendants deny the allegations of Paragraph 16.

17.   Prior to her death, Plaintiffs' decedent, Delisia Brown, was subjected to great pain and suffering and pursuant to 755 ILCS 5/27-6, his cause of action survives her death and Plaintiffs, jerry and Wanda Brown, brings this action in their capacity as legal representatives of said decedent's estate.

**ANSWER:**   Defendants deny the allegations of Paragraph 17.

18.   Plaintiff's damages are in excess of $50,000.00 (Fifty Thousand Dollars), the minimum jurisdictional amount of this court.

**ANSWER:**   Defendants deny the allegations of Paragraph 18.

WHEREFORE, Defendants deny that Plaintiffs are entitled to judgment on Count II, pray judgment be entered in their favor and against Plaintiffs and demand trial by jury on Count II.

## AFFIRMATIVE DEFENSE

1.   For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by an unforeseeable sudden illness or act of God, which rendered Defendant Don Wells incapable of controlling his vehicle.

2.   For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by the sudden and unforeseeable mechanical failure of the aforesaid tractor-trailer's brakes.

>                         WHITELINE EXPRESS, LTD. and
>                         DONALD WELLS
>
>
>                         By:_____/s John W. Patton, Jr. _____
>                              One of the attorneys for Defendants

John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that he served the foregoing Defendants', Whiteline Express, Ltd. And Donald Wells, Answer to Plaintiffs' Complaint at Law on all parties of record herein via the Clerk of the Court using the CM/ECF system on this the 27th Day of May, 2008.

      James M. Sanford
      Cochran, Cherry, Givens, Smith & Montgomery, LLC
      One North LaSalle Street, Suite 2450
      Chicago, Illinois  60602


      _s/ John W. Patton, Jr._


G:\Matters\Current\5100-006\Pleadings\Answer to Brown Complaint.doc