## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JERRY and WANDA BROWN, as Co-Special Administrators of the Estate of DELISIA BROWN, Deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No.  08-CV-02723 |
| vs. | ) ) | |
| WHITELINE EXPRESS, LTD., and DONALD WELLS, | ) ) ) | |
| Defendants. | ) ) | |

## MOTION FOR REASSIGNMENT BASED ON RELATEDNESS

Defendants WHITELINE EXPRESS, LTD. and DONALD WELLS, by and through

counsel, and pursuant to Local Rule 40.4 of the Northern District of Illinois, move for

Reassignment Based on Relatedness, and state the following in support:

1.      Plaintiffs Jerry and Wanda Brown filed the above-captioned action in the Circuit

Court of Cook County, Illinois on May 2, 2008; Defendants removed the action to the United

States District Court, Northern District of Illinois on May 12, 2008.

2.      The Brown cause of action arises out of a collision between Defendants' tractor-

trailer and the Cermak-Chinatown Chicago Transit Authority (CTA) station on April 25, 2008.

*See Brown Complaint, attached hereto as "Exhibit A."*

3.      Plaintiffs Arthur Guerrero and Cynthia Uribe filed a separate action in the Circuit

Court of Cook County, Illinois on May 23, 2008; on June 20, 2008, Defendants removed the

action to the United States District Court, Northern District of Illinois, where it is pending as

Case No. 08-CV-3542 before The Honorable Judge Norgle and the Honorable Magistrate Judge

Brown. *See Guerrero Complaint and Notice of Removal, attached hereto as "Exhibit B."*

      4.      The Guerrero cause of action arises out of the same collision that is the subject of

the Brown Complaint, i.e., between Defendants' tractor-trailer and the Cermak-Chinatown

Chicago Transit Authority (CTA) station on April 25, 2008.

      5.      Plaintiff Shirley A. Kubicz filed a separate action in the Circuit Court of Cook

County, Illinois on May 30, 2008; on June 25, 2008, Defendants removed the action to the

United States District Court, Northern District of Illinois, where it is pending as Case No. 08-

CV-3622 before The Honorable James B. Zagel. *See Kubicz Complaint and Notice of Removal,*

*attached hereto as "Exhibit C."*

      6.      The Kubicz cause of action arises out of the same collision that is the subject of

the Brown Complaint and the Guerrero Complaint, i.e., between Defendants' tractor-trailer and

the Cermak-Chinatown Chicago Transit Authority (CTA) station on April 25, 2008.

      7.      The Brown, Guerrero, and Kubicz cases are "related," per Local Rule 40.4, in that

each grows out of the same occurrence – the collision between Defendants' tractor-trailer and the

Cermak-Chinatown CTA station on April 25, 2008.

      8.      Because they arise from the same motor vehicle accident, the three cases

necessarily involve some of the same issues of law and fact.

      9.      Per Local Rule 40.4, the Guerrero and Kubicz cases are ripe for reassignment to

the calendar of Judge Coar, as each of the following criteria is met:

          (a)      Each of the three cases is pending in the United States District Court,

                   Northern District of Illinois;

(b)     The handling of all three cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(c)     The earliest case (Brown) has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the Brown case substantially – *Brown* has been pending in this court for less than two months, and no discovery has been exchanged; and

(d)     All three cases are susceptible of disposition in a single proceeding.

        WHEREFORE, Defendants WHITELINE EXPRESS, LTD. and DONALD WELLS pray this Court enter its Order finding Cases 08-CV-2723, 08-CV-3542, and 08-CV-3622 related within the meaning of the rules of this Court and that Cases 08-CV-3542 and 08-CV-3622 should be reassigned to Judge Coar.

                                                /s/ John W. Patton, Jr. _____
                                                John W. Patton, Jr.
                                                Richard W. Schumacher
                                                Patton & Ryan LLC
                                                330 North Wabash Avenue, Suite 2900
                                                Chicago, Illinois 60611
                                                (312) 261-5160
                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that he served the above and foregoing MOTION FOR REASSIGNMENT BASED ON RELATEDNESS on all parties of record via the Clerk of the Court using the CM/ECF system and also by U.S. Mail on this the 9th day of July, 2008.

James M. Sanford
Cochran, Cherry, Givens, Smith & Montgomery, LLC
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
*Attorneys for Brown Plaintiffs*

Daniel V. O'Connor
ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
161 North Clark Street, 21st Floor
Chicago, Illinois 60601
*Attorney for Guerrero Plaintiffs*

Michael J. Goldberg
WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, IL 60601
*Attorney for Plaintiff Shirley Kubicz*


                                                    _s/ John W. Patton, Jr._

2008L004823

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

Jerry and Wanda Brown, as Co-Special )
Administrators of the Estate )
of Delisia Brown, deceased )
)
                                     )    No. 08 L
            Plaintiffs,              )
                                     )    Calender
        v.                           )
                                     )
Whiteline Express, LTD., and Donald Wells )
                                     )
            Defendants.              )

## COMPLAINT AT LAW

Now comes the Plaintiffs, Jerry and Wanda Brown, as Co-Special Administrators of the

Estate of Delisia Brown, by and through their attorney, James M. Sanford of COCHRAN, CHERRY,

GIVENS, SMITH & MONTGOMERY, L.L.C., and complaining of the Defendants, Whiteline

Express LTD. and Donald Wells, alleges as follows:

1.    Plaintiffs, Jerry and Wanda Brown, are, at all times relevant,  residents of Cook

County, Illinois.  Plaintiffs are the father and mother of Delisia Brown and have been duly appointed

the Co-Special Administrators of the Estate of Delisia Brown.

2.    Defendant, Whiteline Express LTD., is and was, at all times relevant, a Delaware

corporation engaged in the freight transportation business and doing business in Cook County,

Illinois.

3.    Defendant Donald Wells, is and was, at all times  relevant, a commercial

tractor/trailer operator and a resident of the State of Michigan.

1

4.     On April 25, 2008, Defendant Donald Wells was an employee and/or agent of Defendant Whiteline Express, LTD.

5.     On April 25, 2008, Defendant Donald Wells was acting in his capacity as an employee and/or agent, servant when he was driving a commercial vehicle tractor/trailer owned by Whiteline Express, LTD..

6.     On April 25, 2008, Delisia Brown was in a Chicago Transit Authority station located at 138 W. Cermak Road, Chicago, IL.

7.     On April, 25, 2008, Defendant Donald Wells was operating a commercial tractor/trailer in the capacity of agent, servant and/or employee of Defendant Whiteline Express, LTD. in a northerly direction on Interstate 94 when he exited the expressway at Cermak Ave., Chicago IL.

8.     Defendant Donald Wells drove to the end of the exit ramp and lost control of his tractor/trailer. Defendant Donald Wells then traveled across Cermak Ave. and struck the Chicago Transit Authority station where passengers from the elevated train were standing and walking.

9.     Defendant Donald Wells struck Delisia Brown with his tractor/trailer and killed her.


## COUNT I- Wrongful Death

10.     Defendant Whiteline Express, LTD. and Defendant Donald Wells, Individually and in his capacity as agent, servant, and/or employee of Defendant Whiteline Express, LTD., and each of them, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Operated, maintained, and controlled a tractor/trailer in a negligent manner;

(b)     Operated, maintained, controlled and drove a tractor/trailer into a collision with Delisia Brown, a pedestrian;

(c)     Operated a tractor/trailer without keeping a proper and sufficient lookout;

(d)     Failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

(e)     Failed to reduce the speed of a tractor/trailer so as to avoid a collision with Delisia Brown in violation of 625 ILCS 5/11-601;

(f)     Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Delisia Brown, a pedestrian, in violation of 625 ILCS 5/11-601;

(g)     Operated a tractor/trailer at a speed which was greater than was reasonable and proper in violation of 625 ILCS 5/11-601;

(h)     Carelessly and negligently failed to yield the right of way to a pedestrian;

(i)     Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

(j)     Failed to decrease the speed of a tractor/trailer when approaching or crossing an intersection, in violation of 625 ILCS 5/11-601

(k)     Was otherwise careless and negligent.

11.     As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendants, Whiteline Express, LTD. and/or its agent and employee, Defendant Donald Wells, decedent, Delisia Brown was struck and killed by the tractor/trailer.

12.     Plaintiff's Decedent, Delisia Brown, left surviving her, as beneficiaries and next of kin in this action, her father, mother and two sisters.

13.     By reason of the death of Delisia Brown, as aforesaid, her father, mother and two siblings have suffered pecuniary loss including her loss of society, and loss of financial support as is recoverable under the Wrongful Death Act, 740 ILCS 180.0.01, *et seq* .

3

caused pain and suffering, suffered damage to her brain, nervous system, respiratory system and other systems of his body, until she succumbed to such injuries and by reason died on April 25, 2008.

17.    Prior to her death, Plaintiffs' decedent, Delisia Brown, was subjected to great pain and suffering and pursuant to 755 ILCS 5/27-6, his cause of action survives her death and Plaintiffs, Jerry and Wanda Brown, brings this action in their capacity as legal representatives of said decedent's estate.

18.    Plaintiff's damages are in excess of $50,000.00 (Fifty Thousand Dollars), the minimum jurisdictional amount of this Court.

**WHEREFORE**, Plaintiffs, Jerry and Wanda Brown, as the Co-Special Administrators of the Estate of Delisia Brown, deceased, demands judgment against Defendants, Whiteline Express, LTD. and Donald Wells, for the severe and profound injuries suffered by the Decedent in an amount of money in excess of the jurisdictional limits of this Court.

_____
James M. Sanford

James M. Sanford
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle Street, Suite 2450
Chicago, Illinois 60602
312.977.0200
Firm I.D. 37432

5

14785/DVO/rf          Attorney ID#35244
5-22-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

ARTHUR GUERRERO, and CYNTHIA          )
URIBE as Mother of CYNTHIA            )
GUERRERO, Minor Grand Daughter of     )
ELOUISA GUERRERO, as Co-Special       )
Administrators of the Estate of ELOUISA )          *Case No.*
GUERRERO, Deceased,                   )
                                      )
                        Plaintiff(s), )
                                      )
v.                                    )
                                      )
DONALD WELLS and WHITELINE            )
EXPRESS, LTD., a Corporation,         )
                                      )
                        Defendant(s). )


## COMPLAINT AT LAW

Now comes the Plaintiffs, ARTHUR GUERRERO, and CYNTHIA URIBE as Mother of

CYNTHIA GUERRERO, Minor Grand Daughter of ELOUISA GUERRERO, as Co-Special

Administrators of the Estate of ELOUISA GUERRERO, Deceased, by their attorneys, ANESI,

OZMON, RODIN, NOVAK & KOHEN, LTD., and complaining of the Defendants, DONALD

WELLS and WHITELINE EXPRESS, LTD., a Corporation, and each of them, alleges as

follows:

1.    That on April 25, 2008, Plaintiff's Decedent was exiting the CTA platform and descending the escalator located at or near 138 West Cermak, in the City of Chicago, County of Cook, and State of Illinois.

2.    That on the aforesaid date, the Defendant, DONALD WELLS, was operating a motor vehicle in the capacity of agent, servant and/or employee of the Defendant, WHITELINE EXPRESS, LTD., a Corporation, exited the I-55/94 exit and continued northbound across four lines of traffic, first striking the CTA bus shelter, jumping the curb and continuing onto the sidewalk sticking the CTA escalator/stairs before coming to a stop, in the aforesaid City, County and State.

3.    That at said time and place, a collision occurred between the vehicle the Defendant, DONALD WELLS, was operating and the person of the Plaintiff.

4.    That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Operated, maintained and controlled a tractor/trailed in a negligent manner;

(b)    Operated, maintained, controlled and drove a tractor/trailed into a collision with ELOUISA GUERRERO, a pedestrian;

(c)    Operated a tractor/trailer without keeping a proper and sufficient lookout;

(d)    Failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

(e)    Failed to reduce the speed of a tractor/trailer so as to avoid a collision with ELOUISA GUERRERO in violation of 625 ILCS 5/11-601;

(f)    Failed to stop or apply the brakes o a tractor/trailer so as to avoid striking ELOUISA GUERRERO, a pedestrian in violation of 625 ILCS 5/11-601;

(g)    Operated a tractor/trailed at a speed which was greater than was reasonable and proper in violation of 625-ILCS 5/11-601;

(h)    Carelessly and negligently failed to yield the right of way to a pedestrian;

(i)    Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

(j)    Failed to decrease the speed of a tractor/trailed when approaching or crossing an intersection, in violation of 625 ILCS 5/11-601;

(k)    Was otherwise careless and negligent.

5.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's Decedent sustained severe and permanent injuries resulting in her death on April 25, 2008.

6.    That on April 25, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person.  In every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow and mental suffering, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

3

7.    That on May 23, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, ARTHUR GUERRERO, and CYNTHIA URIBE were duly appointed Co-Special Administrators of the Estate of ELOUISA GUERRERO, Deceased, for the purpose of prosecuting this action.

8.    That ELOUISA GUERRERO left surviving, the following:    ARTHUR GUERRERO, son  and CYNTHIA GUERRERO, Minor Grand, Daughter who were dependent upon ELOUISA GUERRERO, Deceased, for their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

WHEREFORE, the Plaintiff, ARTHUR GUERRERO, and CYNTHIA URIBE as Mother of CYNTHIA GUERRERO, Minor Grand Daughter of ELOUISA GUERRERO, as Co-Special Administrators of the Estate of ELOUISA GUERRERO, Deceased, demands judgment against the Defendants, DONALD WELLS and WHITELINE EXPRESS, LTD., a Corporation, and each of them, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
Attorneys for Plaintiff(s)

Daniel V. O'Connor
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL  60601
312/372-3822

4

14785/DVO/rf  Attorney ID#35244
5-22-08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ARTHUR GUERRERO, and CYNTHIA URIBE as Mother of CYNTHIA GUERRERO, Minor Grand Daughter of ELOUISA GUERRERO, as Co-Special Administrators of the Estate of ELOUISA GUERRERO, Deceased, | ) ) ) ) ) | |
| | ) | Case No. |
| Plaintiff(s), | ) ) | |
| v. | ) ) | |
| DONALD WELLS and WHITELINE EXPRESS, LTD., a Corporation, | ) ) ) | |
| Defendant(s). | ) ) | |

### AFFIDAVIT

I, Daniel V. O'Connor, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.      That I am an attorney at law licensed to practice in the State of Illinois.

2.      That I am a Partner with the law firm of ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., attorneys of record for the Plaintiffs, Arthur Guerrero, et al.

3.      That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4.      That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER, Affiant sayeth not.

_Daniel V. O'Connor_
Daniel V. O'Connor

SUBSCRIBED AND SWORN TO
before me this _____ day
of _____ 2008.

_____
Notary Public

"OFFICIAL SEAL"
ROSEMARY ANN FLYNN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10/3/2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ARTHUR GUERRERO, and CYNTHIA URIBE as )
Mother of CYNTHIA GUERRERO, Minor Grand )
Daughter of ELOUISA GUERRERO, as Co-Special )
Administrators of the Estate of ELOUISA GUERRERO, )
Deceased, )
                                      ) Case No.
                 Plaintiffs, )
                                         )
vs. )
                                         )
DONALD WELLS and WHITELINE EXPRESS, )
LTD., a Corporation, )
                                         )
                 Defendants. )
                                         )

**DEFENDANTS', WHITELINE EXPRESS, LTD.
AND DONALD WELLS, NOTICE OF REMOVAL**

       Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys,

Patton & Ryan LLC, pursuant to 28 USC 1446(a) present this Notice of Removal based upon 28

USC 1332 and 28 USC 1441, and state as follows:

       1.      This cause of action was commenced on May 23, 2008, and is currently pending

in the Circuit Court of Cook County, Illinois, Law Division, under Court Number 2008 L

005723. Plaintiffs' Complaint at Law is attached hereto as "Exhibit A."

       2.      Plaintiffs' cause is a civil action for wrongful death alleging negligence on the

part of the defendants arising from a motor vehicle accident which occurred on April 25, 2008.

       3.      The aforementioned action is one in which the United States District Court is

given original jurisdiction by reason of the complete diversity of citizenship of the parties.

4.      Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

5.      Upon information and belief, at the time of the filing of this cause of action and presently, plaintiffs Arthur Guerrero and Cynthia Uribe as Mother of Cynthia Guerrero are citizens of the state of Illinois.

6.      At the time of the filing of the cause of action and presently, defendant, WHITELINE EXPRESS, LTD., is incorporated in the state of Delaware and has its principal place of business in the state of Michigan.  Thus, pursuant to 28 USC 1332(c)(1), defendant WHITELINE EXPRESS, LTD., is deemed a citizen of the state of Delaware and of the state of Michigan.

7.      At the time of the filing of the cause of action and presently, defendant, DONALD WELLS, is a citizen of the state of Michigan.  *See Plaintiffs' Complaint at Law attached hereto as "Exhibit A."*

8.      Defendants will promptly file a copy of this original notice with the clerk of the state court where the action has been pending.

9.      All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 USC 1446(a).

10.     Venue is proper in this district under 28 USC 1446(a), because this district and division embrace the place where the removed action has been pending.

11.     Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, make a jury demand.

WHEREFORE, for the foregoing reasons, Defendants WHITELINE EXPRESS, LTD. and DONALD WELLS, respectfully petition this Court to remove the above-entitled action from

the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern

District of Illinois, Eastern Division, based upon diversity of citizenship.


                              WHITELINE EXPRESS, LTD. and
                              DONALD WELLS



                        By:_____/s John W. Patton, Jr._____
                                       One of the attorneys for Defendants


John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160




                        **CERTIFICATE OF SERVICE**

        The undersigned non-attorney certifies that he/she served the above and foregoing

NOTICE OF REMOVAL on all parties of record herein by depositing true and accurate copies

of the same in the United States Mail box located at 330 North Wabash Avenue, Chicago,

Illinois, 60611, with proper postage pre-paid addressed to:

                        Daniel V. O'Connor
                        ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.
                        161 North Clark Street, 21st Floor
                        Chicago, Illinois  60601

on the ____ day of June, 2008, before the hour of 5:00 p.m.


                         _s/ John W. Patton, Jr._



                                   3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHIRLEY A. KUBICZ, | ) | |
| | ) | 2008L005893 |
| Plaintiff, | ) | CALENDAR/ROOM B |
| | ) | TIME 00:00 |
| v. | ) | PI Motor Vehicle |
| | ) | No.: |
| DONALD WELLS and | ) | PLAINTIFFS DEMAND |
| WHITELINE EXPRESS, LTD., | ) | JURY BY TWELVE |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SHIRLEY A. KUBICZ, by and through her attorneys,

WHITING LAW GROUP, LTD., and for her Complaint at Law against Defendants, DONALD

WELLS and WHITELINE EXPRESS, LTD. (hereinafter referred to as "WHITELINE

EXPRESS"), state as follows:

### COUNT I
### (SHIRLEY A. KUBICZ v. DONALD WELLS)

1.    That on or about April 25, 2008, Defendant, DONALD WELLS, operated,

managed, controlled and maintained a certain motor vehicle which he was then and there driving

in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue

in the City of Chicago, County of Cook, State of Illinois.

2.    That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a

pedestrian and was in the exercise of ordinary care and caution for her own safety and property

when she was standing in and around a Chicago Transit Authority station located at 138 West

Cermak Road in the City of Chicago, County of Cook, State of Illinois.

3.    That all times material hereto, it was the duty of the Defendant, DONALD

WELLS, to operate his motor vehicle with the ordinary care for the safety of the person and

property of others then and there upon and around said station.

4.    That notwithstanding the aforesaid duty as alleged in the preceding paragraph,

Defendant, DONALD WELLS, then and there carelessly and negligently did, or failed to do, one

or more of the following acts:

a.    Operated, maintained and controlled a tractor/trailer in a negligent manner;

b.    Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

c.    Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

d.    Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

e.    Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

f.    Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

g.    Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

h.    Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

i.    Operated a tractor/trailer without keeping a sufficient lookout; and

j.    Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

5.    That as a direct and proximate result of the aforesaid careless and negligent acts

and/or omissions of the Defendant, DONALD WELLS, the motor vehicle operated by the

Defendant lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority

station where passengers and bystanders from the elevated train were standing and walking, and

collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

2

6.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendant, DONALD WELLS the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

WHEREFORE, the Plaintiff, SHIRLEY A. KUBICZ, respectfully requests that the Honorable Court enter judgment against the Defendant, DONALD WELLS, in the sum of FIFTY THOUSAND DOLLARS OR greater ($50,000.00), together with costs associated with the prosecution of her lawsuit.

## COUNT II
### (SHIRLEY A. KUBICZ v. WHITELINE EXPRESS)

1.    That on or about April 25, 2008, Defendant, DONALD WELLS, operated, managed, controlled and maintained a certain motor vehicle which he was then and there driving in a generally northbound direction on Interstate 94 at or near the intersection of Cermak Avenue in the City of Chicago, County of Cook, State of Illinois.

2.    That at the aforesaid time and place, Defendant, DONALD WELLS, operated said motor vehicle as, and in the capacity of, agent, servant, and/or employee of the Defendant, WHITELINE EXPRESS.

3.    That at the aforesaid time and place, Plaintiff, SHIRLEY A. KUBICZ, was a pedestrian and was in the exercise of ordinary care and caution for her own safety and property when she was standing/walking in and around a Chicago Transit Authority station located at 138 West Cermak Road in the City of Chicago, County of Cook, State of Illinois.

3

4.    That all times material hereto, it was the duty of the Defendants, DONALD WELLS and WHITELINE EXPRESS, to operate their motor vehicle with the ordinary care for the safety of the person and property of others then and there upon and around said station.

5.    That notwithstanding the aforesaid duty as alleged in the preceding paragraph, Defendants then and there carelessly and negligently did, or failed to do, one or more of the following acts:

a.    Operated, maintained and controlled a tractor/trailer in a negligent manner;

b.    Operated, maintained, controlled and drove a tractor/trailer into a collision with Plaintiff, SHIRLEY KUBICZ;

c.    Failed to give audible warning of the approach of said motor vehicle with the horn thereof, although such warning was reasonably necessary to ensure safe operation of said vehicle in violation of 625 ILCS 5/12-601(a) and 5/11-1003.1;

d.    Operated said motor vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, contrary to and in violation of 625 ILCS 5/11-601(a);

e.    Failed to decrease speed of said motor vehicle as was necessary to avoid colliding with the Plaintiff in compliance with the legal requirements and the duty of all persons to use the care, contrary to and in violation of 625 ILCS 5/11-601(a);

f.    Failed to stop or apply the brakes of a tractor/trailer so as to avoid striking Plaintiff, SHIRLEY KUBICZ, a pedestrian, in violation of 625 ILCS 5/11-601;

g.    Carelessly and negligently failed to yield the right-of-way to a pedestrian, in particular to the Plaintiff, SHIRLEY KUBICZ;

h.    Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

i.    Operated a tractor/trailer without keeping a sufficient lookout; and

j.    Was otherwise negligent and/or careless in the operation of the vehicle upon said roadway.

6.    That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the motor vehicle owned by Defendant, WHITELINE EXPRESS, and operated by Defendant, DONALD WELLS while he was acting within the

4

course of employment with Defendant, WHITELINE EXPRESS, lost control, traveled across Cermak Avenue, struck the Chicago Transit Authority station where passengers and bystanders from the elevated train were standing and walking, and collided with the Plaintiff, SHIRLEY A. KUBICZ, at or near the location alleged above.

7.     That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the Plaintiff, SHIRLEY A. KUBICZ, was caused to suffer temporary and permanent disabling injuries to her head, body, and limbs by reason of which, the Plaintiff, SHIRLEY A. KUBICZ, has expended and incurred obligations for medical expenses and care and will in the future expend and incur such further obligation; Plaintiff has been and will be prevented from attending to her usual affairs of duties and has lost and will continue to lose wages from missed time at work which she otherwise would have made and acquired.

WHEREFORE, the Plaintiff, SHIRLEY A. KUBICZ, respectfully requests that the Honorable Court enter judgment against the Defendant, WHITELINE EXPRESS, in the sum of FIFTY THOUSAND DOLLARS OR greater ($50,000.00), together with costs associated with the prosecution of her lawsuit.

Respectfully submitted,

WHITING LAW GROUP, LTD.

Michael J. Goldberg,
One of the Attorneys for Plaintiff,
SHIRLEY A. KUBICZ

WHITING LAW GROUP, LTD.
One East Wacker Drive
Suite 2300
Chicago, IL 60601
(312) 372-1655
Firm I.D. 37395

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHIRLEY A. KUBICZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| DONALD WELLS and WHITELINE EXPRESS, | ) |
| LTD., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANTS', WHITELINE EXPRESS, LTD.
AND DONALD WELLS, NOTICE OF REMOVAL**

Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, Patton & Ryan LLC, pursuant to 28 USC 1446(a) present this Notice of Removal based upon 28 USC 1332 and 28 USC 1441, and state as follows:

1.    This cause of action was commenced on May 30, 2008, and is currently pending in the Circuit Court of Cook County, Illinois, Law Division, under Court Number 2008 L 005893. Plaintiff's Complaint at Law is attached hereto as "Exhibit A."

2.    Plaintiff's cause is a civil action for damages alleging negligence on the part of the defendants arising from a motor vehicle accident which occurred on April 25, 2008.

3.    The aforementioned action is one in which the United States District Court is given original jurisdiction by reason of the complete diversity of citizenship of the parties.

4.    Upon information and belief, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.00.

5.     Upon information and belief, at the time of the filing of this cause of action and presently, plaintiff Shirley Kubicz is a citizen of the state of Illinois.

6.     At the time of the filing of the cause of action and presently, defendant, WHITELINE EXPRESS, LTD., is incorporated in the state of Delaware and has its principal place of business in the state of Michigan.  Thus, pursuant to 28 USC 1332(c)(1), defendant WHITELINE EXPRESS, LTD., is deemed a citizen of the state of Delaware and of the state of Michigan.

7.     At the time of the filing of the cause of action, defendant, DONALD WELLS, was a citizen of the state of Michigan.

8.     Defendants will promptly file a copy of this original notice with the clerk of the state court where the action has been pending.

9.     All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 USC 1446(a).

10.     Venue is proper in this district under 28 USC 1446(a), because this district and division embrace the place where the removed action has been pending.

11.     Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, make a jury demand.

WHEREFORE, for the foregoing reasons, Defendants WHITELINE EXPRESS, LTD. and DONALD WELLS, respectfully petition this Court to remove the above-entitled action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, based upon diversity of citizenship.

2

WHITELINE EXPRESS, LTD. and
DONALD WELLS


By:_____ /s John W. Patton, Jr._____
       One of the attorneys for Defendants


John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160


## CERTIFICATE OF SERVICE

The undersigned certifies that he/she served the above and foregoing NOTICE OF

REMOVAL on all parties of record herein by depositing true and accurate copies of the same in

the United States Mail box located at 330 North Wabash Avenue, Chicago, Illinois, 60611, with

proper postage pre-paid addressed to:

> Michael J. Goldberg
> WHITING LAW GROUP, LTD.
> One East Wacker Drive, Suite 2300
> Chicago, IL 60601

on the ____ day of June, 2008, before the hour of 5:00 p.m.


                                        s/ John W. Patton, Jr.